UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:02-cr-228-T-30

SIGIFREDO OLIVEROS-ESTUPINAN

### ORDER DENYING MOTION

THIS CAUSE comes before the Court upon the Defendant's "Motion to Dismiss Indictment Based Upon the Lack of Jurisdiction and Unconstitutionality of the MDLEA as Applied to Defendant's Conduct on the High Seas in this Case." (Dkt. #334). Oliveros-Estupinan asks for his conviction to be vacated claiming that this Court lacked jurisdiction. The motion is based on, and is inspired by, a misreading of *United States v. Bellaizac-Hurtado*, 700 F. 3d 1245 (11th Cir. 2012).

Oliveros-Estupinan challenges the constitutionally of the Maritime Drug Law Enforcement Act "as applied to non-United States Citizens on Foreign Flagged vessels found on the High Seas, Which was the conduct alleged in this case." (Motion, Dkt. #334, p. 1.) Therefore, his reliance on *Bellaizac-Hurtado* is misplaced since that case applies to individuals apprehended within the territorial waters of foreign countries. The MDLEA has previously been found constitutional for individuals, like Oliveros-

Estupinan, who were apprehended in international waters. *U. S. v. Tinoco*, 304 F. 3d 1088 (11th Cir. 2002), *cert. denied,* 538 U.S. 909, 123 S. Ct. 1484 (2003).

Having failed to come within the parameters of *Bellaizac-Hurtado*, the motion will be denied. It is therefore

ORDERED AND ADJUDGED that Defendant's "Motion to Dismiss Indictment Based Upon the Lack of Jurisdiction and Unconstitutionality of the MDLEA as Applied to Defendant's Conduct on the High Seas in this Case" (Dkt. #334) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of July, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2002\02-cr-228 mtd 334 Estupinian.docx

2